UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BNY WESTERN TRUST,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DIANE L. ROMAN, et al.,<br><br>　　　　　　　Defendants. | 3:11-cv-274 (CSH) |

**REMAND ORDER**

HAIGHT, Senior District Judge:

　　　Plaintiff, BNY Western Trust, commenced this foreclosure action in the State of Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, in October 2000. On February 22, 2011, Defendants Diane and Louis Roman, proceeding *pro se*, filed a Notice of Removal of the case to this Court, asserting that the Court has both federal question and diversity jurisdiction. Now pending is Plaintiff's motion in accordance with 28 U.S.C. § 1447 to remand the case to state court. For the reasons stated herein, Plaintiff's Motion to Remand [Doc. 7] is GRANTED.

　　　The removal is clearly untimely. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Here, service was accomplished on October 23, 2000, more than ten years before the Notice of Removal was filed

on February 22, 2011.  The removal statute further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  This provision does not render timely the instant removal because Defendants have not identified, and the record does not reveal, any basis upon which the case had become newly removable, or any basis upon which Defendants had become newly informed of its removability, within the thirty days prior to the filing of the Notice of Removal.

Finally, the removal statute provides that, notwithstanding the provision permitting removal within thirty days of when it first becomes apparent that a case is removable, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  28 U.S.C. § 1446(b).  Given that 28 U.S.C § 1332 confers this Court's diversity jurisdiction, this provision imposes a one year outer limit on removal on the basis of diversity jurisdiction.  Since the action was commenced in October 2000, Defendants attempt to remove the case based on alleged diversity jurisdiction in 2011, well beyond both the thirty day and one year limits, must fail.

Conceding that the removal is untimely, Defendants urge the Court to waive the timeliness issue, noting that the defect is procedural, not jurisdictional. [Doc. 11 at 5]  "Although defects in removal are procedural, rather than jurisdictional, the statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement."  *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, 2010 U.S. Dist. LEXIS 46730, at *8-9 (D. Conn. May 12, 2010) (citations and internal quotation marks omitted).

Aside from a general appeal to "fairness" [Doc. 11 at 5], Defendants offer no reason why the Court should waive the timeliness requirement, and the Court cannot deduce from the record any reason to do so, let alone a compelling one. In any case, "[t]here exists no precedent within this Circuit for waiving the timeliness requirement." *Nat'l Waste Assocs., LLC*, 2010 U.S. Dist. LEXIS 46730, at *23.

Defendants also maintain that the case was properly removed to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331. Removal on this basis is untimely as well, because Defendants sought to remove the case to federal court well beyond the thirty day limitation after service of the complaint was made on them, without establishing that it had first become ascertainable that the case was removable within the thirty days prior to the filing of the Notice of Removal. *See* 28 U.S.C. § 1446(b). Defendants contend that the case involves "extensive unresolved federal issues" [Doc. 11 at 5], and the Notice of Removal states that Defendants "hereby claim the following federal laws have been violated and are subject to the U.S. District Court's adjudication," listing ten purported federal claims. [Doc. 1 at 2] To the extent that these constitute federal claims, Defendants' attempt to introduce them into the litigation by filing a Notice of Removal based upon them violates the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).[1] An examination of the controlling complaint filed in state court in this matter reveals no federal question, which is to say that Plaintiff has pled no claims

---

[1] The well-pleaded complaint rule can be overridden when a federal statute completely pre-empts state law with respect to a given area of law, but the complete pre-emption doctrine clearly does not apply to this foreclosure action. *See Caterpillar*, 482 U.S. at 393.

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this Court lacks federal question jurisdiction.

Because the removal was untimely and because this Court lacks subject matter jurisdiction, the removal was improper and the case is hereby REMANDED to the State of Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport.[2]

It is SO ORDERED.

Dated: New Haven, Connecticut

June 20, 2011

                                                                                             /s/ *Charles S. Haight, Jr.*
                                                                                             Charles S. Haight, Jr.
                                                                                             Senior United States District Judge

---

[2] On June 15, 2011, Defendants filed a Motion to Dismiss the Foreclosure Matter [Doc. 14], which is hereby FOUND TO BE MOOT in light of the remand of this case to state court. In the motion to dismiss, Defendants reiterate that this Court has both federal question and diversity jurisdiction over this matter, but then move for dismissal of the case on the basis of lack of subject matter jurisdiction. However, since federal question and diversity are the two primary sources or types of a federal court's subject matter jurisdiction, it cannot be true that both federal question and diversity jurisdiction exist and yet the Court lacks subject matter jurisdiction. In any case, the appropriate recourse when a case has been improperly removed to federal court, whether because subject matter jurisdiction is wanting or because the removal is untimely or on account of some other defect, is to remand the case to state court so that proceedings may continue there, not to dismiss the case outright as Defendants seek.